# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 11, 2010

Lyle W. Cayce
Clerk

No. 09-31203

MAYNE & MERTZ, INC.,

Plaintiff-Appellant

v.

QUEST EXPLORATION, L.L.C.;
EXCALIBUR LAND CO., INC.;
TEXAS TEA, L.L.C.,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:06-CV-800-RFD-MEM

Before JONES, Chief Judge, and REAVLEY and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Mayne & Mertz, Inc. ("Mayne") appeals the district court's grant of summary judgment in favor of Defendants-Appellees Quest Exploration, L.L.C. ("Quest"), Excalibur Land Co., Inc. ("Excalibur"), and Texas Tea, L.L.C. ("Texas Tea") on Mayne's breach of contract, and misappropriation

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-31203

of trade secrets claims.[1]  Reviewing the record *de novo*, *Williams v. Wynne*, 533 F.3d 360, 365 (5th Cir. 2008), we AFFIRM.

1.     Excalibur was not in breach of the September 23, 2004 letter agreement with Mayne because the letter was an invitation to discuss a lease on certain terms, not a promise to lease.  Mayne contends that the finder of fact should have been permitted to weigh Excalibur's actions subsequent to executing the letter agreement to determine whether Excalibur had accepted Mayne's offer to lease.  This contention is based on a faulty premise.  In the letter agreement, Mayne offers to *propose* a unit to Excalibur.  Construing the letter agreement as a whole, paragraphs 1 through 3 define the terms of any lease to which the parties would later agree, but do not bind Excalibur to grant a lease.  *See Benton Specialties, Inc. v. Cajun Well Serv., Inc.*, 31 So. 3d 1155, 1158 (La. Ct. App. 2010) ("Contracts must be read and construed as a whole.").

Additionally, even if the letter agreement were an option to lease as Mayne argues, the district court was correct that it was unenforceable as a matter of law.  The Louisiana Civil Code requires that an option must state a stipulated time within which it must be exercised.  LA. CIV. CODE ANN. art. 2620; *see also id.* at cmt. (c) ("Under this Article, an option for a perpetual or indefinite term is null.").  The district court was correct to grant summary judgment on Mayne's breach of contract claim.

2.     The Partial Release of Geophysical Permits with Options to Lease ("Release") executed on February 25, 2004, unambiguously released Mayne's confidentiality obligations pursuant to Section 16 of the Louisiana Seismograph Permit ("Permit") executed on August 5, 2002, concurrent with and attached as Exhibit A to the Geophysical Permit with Option to Enter into an Oil and Gas

---

[1] The district court granted summary judgment on all of Mayne's claims.  Mayne appeals only the judgment on the breach of contract claim, and misappropriation of trade secrets claims.

Lease ("Option"). The Release applied to "Geophysical Permits with Options" in the plural. The Option expressly covered both the interest in the minerals and the permits necessary to conduct geophysical operations, naming and incorporating the Permit. The Permit clearly labeled itself as an attachment to the Option. And, the Permit and the Option are executed on the same date and terminated after eighteen months on February 5, 2004, when Mayne chose not to extend them.

Mayne argues that although the documents are related, the Option and the Permit must be interpreted separately. However, under Louisiana law "[a]greements, of contemporaneous date, some making reference to the others must be construed together." *Tramonte v. Palermo*, 640 So. 2d 661, 665 (La. Ct. App. 1994). Alternatively, Mayne argues that the release is ambiguous because the agreement released is identified as a Seismic Option/Lease on Exhibit A to the Release. Because neither the Permit nor the Option is entitled in precisely this manner, according to Mayne the Release is ambiguous regarding which document it affects. We disagree. Although the definitions of the terms geophysical and seismographic are not identical, a seismograph survey is a type of geophysical survey for the purposes of Louisiana law. LA. REV. STAT. ANN. § 30:211 ("'Geophysical and geological survey' means magnetometer surveys, gravitymeter surveys, torsion balance surveys, [and] seismograph surveys[.]"). The Release unambiguously addresses both the Option and the Permit.

Contrary to Mayne's urging, the fact that the Release referenced that the Option was a recorded document does not limit its scope to the Option alone. Also, Mayne's contention that the parties' course of conduct creates a fact question fails because where, as here, the plain terms of the contract are unambiguous, "no further interpretation may be made in search of the parties' intent." LA. CIV. CODE ANN. art. 2046. Notably, even if the Release did not address the Permit, the Permit expired on its own terms on February 5, 2004.

No. 09-31203

And, the confidentiality provision is not one of the obligations expressly identified in Section 11 of the Permit as continuing beyond the termination of the agreement.  The district court did not err when it granted summary judgment for defendants on Mayne's misappropriation of trade secrets claim.

AFFIRMED.